WESLEY B. PORCH

*v.*

AGNEW COMPANY.

[Decided January 5th, 1907.]

A person who files a claim with a receiver of an insolvent corporation and sustains his claim before the receiver and before this court on appeal, is not a complainant within the meaning of the ninety-first section of the Chancery act (*P. L. 1902 p. 540*), and is not entitled to the allowance of a counsel fee to be included as taxable costs.

On motion for allowance of counsel fee to be included in taxed costs.

Duparquet, Huot & Moneuse Company filed with the receiver of defendant, an insolvent corporation, a verified claim in which the claimant asserted a mechanics' lien against certain real estate of the insolvent company. Clarence M. Busch, a mortgagee of the same real estate, unsuccessfully contested the claim before the receiver. From the receiver's decision Busch appealed to this court under the provisions of section 78 of the Corporation act of 1896 (*P. L. 1896 p. 302*), and the decision of the receiver was here affirmed. Busch then appealed to the court of errors and appeals and the decision of this court was there affirmed. Application is now made under section 91 of the Chancery act of 1902 (*P. L. 1902 p. 540*) for an allowance of a counsel fee for Duparquet, Huot & Moneuse Company to be included in the taxable costs.

*Mr. William M. Clevenger,* for the motion.

*Messrs. Thompson & Cole, contra.*

LEAMING, V. C.

Section 91 of the Chancery act (*P. L. 1902 p. 540*) allows a counsel fee to be fixed by the chancellor and included in a complainant's taxable costs. In *McMullin* v. *Doughty, 68 N. J. Eq.* (*2 Robb.*) *776,* the court of errors and appeals sanctioned the allowance, under this section, of a counsel fee to complainant in a partition cause prosecuted in this court. The allowance of a counsel fee to the present applicant should manifestly be made if authority can be found to support it; but the statute, in terms, applies only to complainants, and I am unable to discern any legislative purpose to extend the provisions of the section in question beyond the primary and natural significance of the language used. One who files a claim with a receiver, and who is afterwards obliged to support his claim before this court on appeal, occupies a position similar to a complainant in a bill in equity to the extent that he has the affirmative of an issue to sustain; but such similarity is not based upon any principles peculiar to equitable remedies. His claim·may be, and usually is, a strictly legal claim, with no inherent element to confer equitable jurisdiction. The claim now in question was such a claim. The procedure is purely statutory and is, by the statute, described as "summary." It is clear that the present applicant can only be brought within the provisions of the section by treating the section as an enactment intended to apply to all successful litigants in a court of equity except defendants. I am unable to find any justification for so broad an interpretation of the section. The motion must be denied.